UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.: 18-2288 (DSD/ECW)

American Federation of State,
County, and Municipal Employees,
Council 5,

       Plaintiff,

v.                                      **ORDER**

Employee Based Systems, LLC,

       Defendant.

    Gregg M. Corwin, Esq., Joshua Hegarty Esq. and Gregg M. Corwin & Associate Law Office, P.C., 1660 South Highway 100, Suite 500, St. Louis Park, MN 55146.

    Jason S. Raether, Esq. and Hellmuth & Johnson PLLC, 8050 W. 78th Street, Edina, MN 55439, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Employee Based Systems, LLC (EBS) for lack of jurisdiction and improper venue. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

This contract dispute arises out of EBS's alleged breach of its contract with plaintiff American Federation of State, County, and Municipal Employees, Council 5 (AFSCME). AFSCME is a union based in St. Paul, Minnesota. Compl. ¶ 3. EBS is a Colorado-based company that develops and provides payroll software and related services. Id. ¶¶ 4, 9. EBS is not registered to do business in

Minnesota; does not own, use, or possess real property in Minnesota; does not have bank accounts in Minnesota; and does not advertise in Minnesota. Duty Decl. ¶¶ 6-8, 10.

In the summer of 2017, AFSCME decided to replace its existing payroll system and issued a request for proposal (RFP) from software vendors.[1] Johnston Aff. ¶¶ 5-6. EBS responded to the RFP at the urging, and with the assistance, of a third party.[2] Id. ¶¶ 7-9; id. Ex. A; Duty Decl. ¶ 17. AFSCME accepted EBS's proposal and the parties negotiated a twelve-page contract under which AFSCME agreed to pay EBS $231,712.48 for software and six years of maintenance and support services.[3] Johnston Aff. ¶¶ 11-19; id. Ex. C; Duty Decl. ¶¶ 19-20. All of the negotiations and related software demonstrations and discussions were conducted virtually via telephone, computer, and/or email. Duty Decl. ¶¶ 18-19. No one from EBS traveled to Minnesota during contract negotiations. Nor did EBS travel to Minnesota in performance of the contract.[4] Instead, EBS provided its software to AFSCME remotely by using

---

[1] EBS had previously provided AFSCME with add-on products to support AFSCME's existing payroll software, which resulted in minimal communications between the parties. Duty Decl. ¶ 16.

[2] Tom Craine of Craine Consulting, LLC, a Minnesota company, initiated EBS's discussions with AFSCME and was involved in contract negotiations. Duty Decl. ¶¶ 14-17. Craine is not a party to this action.

[3] EBS drafted the contract. Johnston Aff. ¶ 16.

[4] EBS agreed to travel to Minnesota if requested. See Johnston Aff. Ex. C at 9-11; id. Ex. A at 4.

2

Dropbox, Internet Information Services, and SQL servers, and also remotely provided support services. Id. ¶¶ 21-27.

EBS did, however, remotely access AFSCME's computer systems and servers in Minnesota on numerous occasions. Altendorfer Aff. ¶¶ 17-20. EBS also communicated frequently with AFSCME in Minnesota. Id. ¶¶ 9-11, 14, 16, 21; id. Ex. A; Johnston Aff. ¶¶ 18, 22, 24-25. AFSCME calculates that its employees spent nearly ninety hours communicating with EBS during their relationship. Id. ¶ 21; id. Ex. A.

According to AFSCME, EBS breached the contract by failing to develop functional software. Compl. ¶¶ 11-14. On August 6, 2018, AFSCME filed this action alleging one count of breach of contract. EBS now moves to dismiss for lack of personal jurisdiction and improper venue.

**DISCUSSION**

**I. Personal Jurisdiction**

**A. Standard of Review**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant. Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998). In the absence of an evidentiary hearing, a court "must look at the facts in the light most favorable to the nonmoving party and resolve all

3

factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted). Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements. See Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007).

To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." Romak, 384 F.3d at 984 (citation omitted). "Sufficient contacts exist when [a] defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there...." Coen, 509 F.3d at 905 (citation and internal quotation marks omitted).

**B. Merits**

A forum state has specific jurisdiction when the cause of action "arise[s] out of" or "relate[s] to" a defendant's activities within that state.[5] Burger King Corp. v. Rudzewicz, 471 U.S. 462,

---

[5] AFSCME does not argue that EBS is subject to general jurisdiction in Minnesota.

4

472 (1985) (citation and internal quotation marks omitted). "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty., 137 S. Ct. 1773, 1781 (2017) (alteration in original) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

AFSCME has made a prima facie showing that EBS is subject to specific jurisdiction in Minnesota. The claim here arises out of EBS's alleged failure to perform under the contract with AFSCME, a Minnesota entity, for software and services to be delivered to and used in Minnesota over a period of six years. EBS solicited business with AFSCME - knowing it was a Minnesota entity - by submitting an RFP.[6] The fact that EBS did not physically send employees to Minnesota to negotiate or execute the contract does not preclude a finding of jurisdiction. EBS was in regular and frequent communication with AFSCME in Minnesota for many months, even accessing AFSCME's computer systems remotely on a number of occasions in order to perform under the contract. See Mid-Continent Eng'g, Inc. v. Toyoda Mach. USA, Corp., No. 07-3892, 2009 WL 1272142, at *4 (D. Minn. May 5, 2009) (finding that defendant's

---

[6] That EBS was aided by Craine in doing so does not change the analysis.

remote access of plaintiff's machines in Minnesota weighed in favor of a finding of specific jurisdiction). In other words, the totality of the circumstances establish that EBS conducted business in Minnesota, albeit virtually.

Because EBS's performance under the contract is squarely at issue, its purposeful and frequent contacts with Minnesota with respect to the contract are sufficient to support a finding of specific jurisdiction.

**II. Venue**

A diversity case may be brought in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(a)(3). Based on the court's finding that personal jurisdiction exists over EBS, venue is proper in Minnesota. Moreover, because, as discussed above, "a substantial part of the events or omissions giving rise to the claim occurred" in Minnesota, venue in this judicial district is appropriate. 28 U.S.C. § 1391(a)(2).

#### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 10] is denied.

Dated: December 13, 2018

s/David S. Doty  
David S. Doty, Judge  
United States District Court